MICHAEL J. DUVALL (Bar No. 276994)
michael.duvall@dentons.com
JUDITH S. SIDKOFF (Bar No. 267048)
judith.sidkoff@dentons.com
DENTONS US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, California  90017-5704
Telephone:   (619) 236-1414
Facsimile:   (619) 232-8311

ALISHA N. ORTIZ (Bar No. 308180)
alisha.ortiz@dentons.com
DENTONS US LLP
4655 Executive Drive
Suite 700
San Diego, California  92121
Telephone:   (619) 236-1414
Facsimile:   (619) 232-8311

Attorneys for Defendants
Vitaquest International, LLC and
Windmill Health Products, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE SHOAF and PAMELA PARRA, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>VITAQUEST, INTL. LLC, and WINDMILL HEALTH PRODUCTS, LLC,<br><br>Defendants. | Case No.  **'17CV2007 GPC BLM**<br><br>**DEFENDANTS VITAQUEST INTERNATIONAL, LLC AND WINDMILL HEALTH PRODUCTS, LLC'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1453]** |

*(Left margin, vertical text)* DENTONS US LLP / 601 SOUTH FIGUEROA STREET, SUITE 2500 / LOS ANGELES, CALIFORNIA 90017-5704 / (213) 623-9300

NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2  THE SOUTHERN DISTRICT OF CALIFORNIA:

3    Defendants Vitaquest International, LLC ("Vitaquest") and Windmill Health

4  Products, LLC ("Windmill") hereby remove to this Court the state court action

5  described below.  This removal is proper under the Class Action Fairness Act

6  ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C.

7  § 1453, because this is a putative class action with more than 100 putative class

8  members, minimal diversity, and an amount in controversy in excess of $5,000,000.

9                          **THE STATE COURT ACTION**

10    1.    On August 21, 2017, plaintiffs Renee Shoaf and Pamela Parra filed a

11  civil action against Vitaquest and Windmill in the Superior Court of the State of

12  California for the County of San Diego entitled *Renee Shoaf and Pamela Parra v.*

13  *Vitaquest, Intl., LLC and Windmill Health Products, LLC*, Case No. 37-2017-

14  00030910-CU-BT-CTL (the "State Court Action").

15    2.    Plaintiffs' Complaint alleges that Plaintiffs read and relied on

16  Defendants' allegedly misleading labeling claims when purchasing DietWorks

17  Garcinia Cambogia 50% Hydroxycitric acid ("HCA") and/or DietWorks Garcinia

18  Cambogia 60% HCA (collectively, "DietWorks Carcinia Cambogia Products"),

19  weight loss and dietary aids that are allegedly ineffective in providing the claimed

20  benefits.  (Compl. ¶¶ 1-2.)

21    3.    Plaintiffs seek to bring this action on behalf of a putative class

22  consisting of "all persons in California and New York who on or after August 21,

23  2013 (the 'Class Period'), purchased, for personal or household use . . . the

24  DietWorks Garcinia Cambogia Products[.]"  (*Id.* ¶ 105.)

25    4.    Plaintiffs assert eight causes of action:  violations of the California

26  Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq.*

27  (*id.* ¶¶ 114-127); violations of the False Advertising Law ("FAL"), Business and

28  Professions Code §§ 17500 *et seq.* (*id.* ¶¶ 128-136); violations of the Consumer

1  Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 *et seq.* (*id.* ¶¶ 137-

2  145); breach of express warranties, California Commercial Code § 2313(1) (*id.*

3  ¶¶ 146-149); breach of implied warranty of merchantability, California Commercial

4  Code § 2314 (*id.* ¶¶ 150-156); Unfair and Deceptive Business Practices, New York

5  General Business Law § 349 (*id.* ¶¶ 157-164); False Advertising, New York

6  General Business Law § 350 (*id.* ¶¶ 165-168); and breach of express warranty (*id.*

7  ¶¶ 169-174).

8       5.    Plaintiffs seek to recover on behalf of themselves and the putative

9  class the following:  injunctive relief, including the destruction of allegedly

10  misleading advertising materials, the recall of all allegedly offending products, and

11  a corrective advertising campaign; disgorgement of profits and restitution; actual

12  damages; punitive damages; attorneys' fees and expenses, and costs of suit;

13  interest; and other relief as the court deems proper.  (Prayer.)

14       6.    Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all

15  pleadings filed and served on them in the state court proceedings as Exhibit A.

16  Defendants will promptly serve a true and correct copy of this Notice of Removal

17  upon Plaintiffs, and will file a copy of this Notice of Removal with the Clerk of the

18  San Diego County Superior Court, in accordance with the provisions of 28 U.S.C.

19  § 1446(d).

20  **TIMELINESS OF REMOVAL**

21       7.    Defendants were served with a copy of the Complaint and a summons

22  on August 30, 2017.

23       8.    In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely

24  filed within thirty (30) days of Defendants' notice and receipt of Plaintiffs'

25  Complaint.

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

**JURISDICTION IS PROPER UNDER CAFA**

2
3
4

9.     The State Court Action is removable to this Court, and this Court has jurisdiction over this action, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453.

5
6
7
8
9
10
11

10.    As amended by CAFA, 28 U.S.C. § 1332(d) vests federal courts with original jurisdiction over class actions in which:  (1) the plaintiff's proposed class consists of 100 or more members; (2) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); and (3) the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(A)-(B), (d)(6).  As explained further below, each of these requirements is satisfied.

12

**A.     The Putative Class Exceeds 100 Members.**

13
14

11.    CAFA requires that the proposed class consists of 100 or more members in the aggregate.  28 U.S.C. § 1332(d)(5).

15
16
17
18
19

12.    Plaintiffs purports to represent a class of "all persons in California and New York who on or after August 21, 2013" purchased DietWorks Garcinia Cambogia Products.  (Compl. ¶ 105.)  Plaintiffs also alleges that the members in the proposed Class are "so numerous that individual joinder of all members is impracticable."  (*Id.* ¶ 106.)

20
21
22
23
24

13.    Although Plaintiffs do not provide a clear estimate of how many proposed class members they purport to represent, given the nature of the products, the number of big-box retailers selling these products (including, as alleged, Walmart, Target, and Costco), sales volume of the products (detailed further below), and the four-year span of the proposed Class Peri1446

25
26
27

14.    od, it is exceedingly plausible that at least 100 individuals purchased DietWorks Garcinia Cambogia Products in California and New York in the previous four years.  (*See* Compl. ¶ 51); *see Busker v. Wabtec Corp.*, 2016 WL

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   953209, at *3 (C.D. Cal. Mar. 14, 2016) (notice of removal need only contain a

2   "plausible allegation" that class is composed of over 100 individuals).

3        15.    Sales of DietWorks Garcinia Cambogia Products have exceeded an

4   estimated $15,000,000 in California and New York over the proposed Class Period.

5   (Piscopo Dec. ¶ 4.)[1]  Plaintiff Renee Shoaf alleges that she paid approximately $20

6   for a bottle of DietWorks Garcinia Cambogia.  (Compl. ¶ 86.)  Plaintiff Pamela

7   Parra alleges that she paid approximately $11 for a bottle of DietWorks Garcinia

8   Cambogia.  (*Id*. ¶ 89.)   It is highly likely, given the alleged individual unit price,

9   that more than 100 individuals are responsible for purchasing over $15 million of

10  DietWorks Garcinia Cambogia Products from August 21, 2013 to the present.

11  (Piscopo Dec. ¶ 5.)

12       16.    Thus, the requirement that the putative class consists of at least 100

13  members is satisfied.

14  **B.     There Is Minimal Diversity Sufficient To Establish CAFA**

15  **Jurisdiction.**

16       17.    Under CAFA, complete diversity is not required; minimal diversity,

17  *i.e.*, that any member of the proposed class is a citizen of a state different from any

18  defendant, suffices.  28 U.S.C. § 1332(d)(2).

19       18.    Plaintiffs allege that Renee Shoaf is a citizen of California, and that

20  plaintiff Pamela Parra is a citizen of New York.  (Compl. ¶¶ 10-11.)  The putative

21  class is comprised of persons in California and New York.  (*Id*. ¶¶ 3, 105).

22       19.    Under CAFA, an unincorporated association, such as a limited liability

23  company, is "deemed to be a citizen of the State where it has its principal place of

24  business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10);

25  *see Davis v. HSBC Bank Nev.*, 557 F. 3d 1026, 1032 n. 13 (9th Cir. 2009) ("CAFA

26  _____
    [1] In the removal context, a district court may consider evidence, including
27  declarations or other summary-judgment type evidence, relevant to citizenship and
    the amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197
28  (9th Cir. 2015); *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th
    Cir. 2011).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    abrogates the traditional rule that an unincorporated association shares the

2    citizenship of each of its members for diversity purposes"); *Marroquin v. Wells*

3    *Fargo*, 2011 WL 476540, at \*2 (S.D. Cal. Feb. 3, 2011) (concluding pursuant to

4    § 1332(d)(10) that LLC was California citizen based on its principal place of

5    business); *Parker v. Dean Transp., Inc*., 2013 WL 12091841, \*8-9 (C.D. Cal. Jun.

6    26, 2013) (applying § 1332(d)(10) to defendant LLCs in CAFA context).

7        20.    Vitaquest is a Delaware limited liability company with its principal

8    place of business in New Jersey, and thus is a citizen of Delaware and New Jersey

9    for CAFA purposes.  (Compl. ¶ 13; Stadlin Dec. ¶ 4); *see* 28 U.S.C. § 1332(d)(10).

10   Vitaquest is not, and was not at any relevant time, a citizen of California or New

11   York.

12       21.    Windmill is a New Jersey limited liability company with its principal

13   place of business in New Jersey, and thus is a citizen of New Jersey for CAFA

14   purposes.  (Compl. ¶ 13; Stadlin Dec. ¶ 5); *see* 28 U.S.C. § 1332(d)(10).  Windmill

15   is not, and was not at any relevant time, a citizen of California or New York.

16       22.    Because at least one named plaintiff is a citizen of a state different than

17   from either defendant, minimal diversity exists.

18       23.    Despite applicability of section 1332(d)(10) to limited liability

19   companies, other courts have continued to hold that, for purposes of diversity

20   jurisdiction, a limited liability company is deemed to have the citizenship of each of

21   its members.  *See, e.g., Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp.

22   3d 1244, 1248 (N.D. Cal. 2014) (citing *Johnson v. Columbia Properties*

23   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) ("[L]ike a partnership, an LLC

24   is a citizen of every state of which its owners/members are citizens."); *Bruce v.*

25   *Kind, LLC*, 2014 WL 12607667, at \*1-2 (C.D. Cal. Mar. 5, 2014) (failure to

26   identify citizenship of LLC's owners or members precluded court from determining

27   whether diversity existed).  Even under this analysis, minimal diversity exists.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   24.   Vitaquest's sole member and owner is Vitaquest International

2   Holdings, LLC a Delaware limited liability company with its principal place of

3   business in New Jersey.  Vitaquest International Holdings, LLC, in turn, has two

4   members, one a corporation with Florida citizenship and the other a Delaware

5   limited liability company with its principal place of business in New Jersey.

6   (Stadlin Dec. ¶ 4.)   This Delaware limited liability company's sole member is a

7   foreign entity located outside of the United States.  (*Id*.)

8   25.   Windmill's sole member is Iron Horse, LLC, a New Jersey limited

9   liability company with its principal place of business in New Jersey.  Iron Horse,

10   LLC's sole member, a Delaware LLC with its principal place of business in New

11   Jersey, is owned in turn by an individual who is a citizen of New Jersey.  (*Id*. ¶ 5.)

12   26.   Accordingly, both defendants are citizens of different states than any

13   member of the proposed class.  At the time this action was commenced and at the

14   present time, there was and is complete diversity of citizenship.

15   **C.   The CAFA Amount In Controversy Requirement Is Satisfied.**

16   27.   CAFA requires that the claims of individual class members exceed the

17   sum or value of $5,000,000 in the aggregate, exclusive of interest and costs.  28

18   U.S.C. § 1332(d)(6).

19   28.   Plaintiffs do not plead a specific amount of damages in their

20   Complaint.  Consequently, this Court must only find that Defendants have

21   demonstrated, by a preponderance of the evidence, that the total amount in

22   controversy exceeds $5,000,000.  *See Dart Cherokee Basin Operating Co., LLC v.*

23   *Owens*, 135 S. Ct. 547, 553-54 (2014); *Sanchez v. Monumental Life Ins. Co*., 102

24   F.3d 398, 404 (9th Cir.1996) ("Under this burden, the defendant must provide

25   evidence that it is 'more likely than not' that the amount in controversy" satisfies

26   the federal diversity jurisdictional amount requirement.).  "The amount in

27   controversy is simply an estimate of the total amount in dispute, not a prospective

28   assessment of defendant's liability[.]"  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    395, 400 (9th Cir. 2010) (citations omitted) (affidavit showing potential damages

2    could exceed the jurisdictional amount satisfied defendant's burden).

3        29.    Under CAFA, the amount in controversy can be based either on the

4    aggregate value of class members' claims or on costs to defendants of providing

5    whatever relief is sought.  28 U.S.C. §§ 1332(d)(2), (d),(6); *Pagel v. Dairy Farmers*

6    *of America*, *Inc*., 986 F.Supp.2d 1151, 1159-60 (C.D. Cal. Dec. 11, 2013).

7        30.    The amount in controversy easily exceeds the sum or value of

8    $5,000,000, exclusive of interest and costs, based on the combined value of

9    Plaintiffs' requested disgorgement and restitution, actual damages, injunctive relief,

10   punitive damages, and attorneys' fees that could be recovered.

### 1.    Disgorgement and Restitution

12       31.    Plaintiffs seek an order for the disgorgement and restitution of all

13   monies, revenues, and profits from the sale of Defendants' Diet Works Garcinia

14   Cambogia Products.  (Compl. ¶ 127; Prayer.)  If the Court accepts Plaintiffs'

15   allegations as true, Defendants could be required to disgorge all sales revenues

16   received throughout the four-year period covered by the Complaint.

17       **32.**    Defendants' sales of DietWorks Garcinia Cambogia Products in

18   California and New York between August 21, 2013 and September 26, 2017

19   exceeded an estimated $15,000,000.  (Piscopo Dec. ¶ 4.)  This figure constitutes

20   evidence of the value of Defendants' potential disgorgement and Plaintiffs'

21   potential restitution under the UCL claim.  *See, e.g*., *Tompkins v. Basic Research*

22   *LL*, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (company's estimated sales

23   considered value of restitution under UCL).  This amount alone satisfies the

24   threshold amount in controversy requirement trice over.

### 2.    Actual Damages

26       33.    For a CLRA award of damages, a plaintiff is entitled to actual damages

27   consisting of "the difference between the actual value of that with which the

28   defrauded person parted and the actual value of that which he received, together

with any additional damage arising from the particular transaction." Civ. Code §3343(a). In connection with their CLRA cause of action, Plaintiffs allege that they received no actual value, and seek "the total retail sales price of the DietWorks Garcinia Cambogia [Products] sold throughout the Class Period to all [California] Class members." (Compl. ¶ 141.) Sales of DietWorks Garcinia Cambogia Products in California between August 21, 2013 and September 26, 2017 totaled an estimated $10,000,000.[2]

### 3.    Injunctive Relief

34.    It is well established in the Ninth Circuit that the value of injunctive relief must be included in the total amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). A defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy in class actions. *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1161 (N.D. Cal. 2015) (*citing Int'l Padi, Inc. v. Diverlink*, 2005 WL 1635347, at *9 (9th Cir. July 13, 2005)); *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) (adding estimated costs of injunctive relief to compensatory and punitive damages and attorney's fees in calculating amount in controversy).

35.    Plaintiffs seek injunctive relief in the form of an order requiring Defendants to destroy all allegedly misleading and deceptive advertising materials and DietWorks Garcinia Cambogia Products labels, recall all allegedly offending DietWorks Garcinia Cambogia Products, and conduct a corrective advertising campaign. (Prayer.) The costs of relabeling and repackaging existing inventory are an estimated $75,000. (Piscopo Dec. ¶ 6.) Developing and launching a corrective advertising campaign in New York and California, with advertisements in printed media, radio, and television, would cost an estimated $955,000 per month. (*Id*. ¶ 7.) A product recall of all DietWorks Garcinia Cambogia Products would include

---

[2] Because the amount of actual damages is subsumed by the value of restitution, it is not "counted twice" in Defendants' calculation of the amount in controversy.

NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    issuing a recall notice, collecting the product from retail and distribution centers,

2    and transporting the recalled products back to New Jersey; the associated costs

3    would depend on the quantities in inventory for each retailer and are not easily

4    estimated, but would be substantial.  (*Id.* ¶ 8.)  Accordingly, the cost of compliance

5    with Plaintiffs' requested injunctive relief, exclusive of a product recall, exceeds at

6    least $1,030,000.

7                        **4.      Punitive Damages**

8        36.     In evaluating the amount in controversy, the court also may consider

9    punitive damages where such damages are authorized by statute.  *See e.g., Bell v.*

10   *Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where

11   both actual and punitive damages are recoverable under a complaint each must be

12   considered to the extent claimed in determining jurisdictional amount."); *Gibson v.*

13   *Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that

14   punitive damages are part of the amount in controversy in a civil action.").

15       37.     Punitive damages are recoverable for violations of the CLRA.  Civ.

16   Code § 1780(a)(4); *Anunziato v. eMachines*, *Inc*., 402 F.Supp.2d 1133, 1137 (C.D.

17   Cal. 2005) (plaintiff suing under the CLRA may recover actual and punitive

18   damages).  Punitive damages are also recoverable for violations of New York's

19   unfair trade practices and false advertising statutes.  N.Y. Gen. Bus. Law §§ 349(h)

20   & 350-e; *Servedio v. State Farm Ins. Co.*, 814 F.Supp.2d 214, 217 (E.D.N.Y. 2011)

21   (adding punitive damages request to amount in controversy calculation under

22   CAFA for class action alleging violations of §§ 349 & 350); *Wilner v Allstate Ins.*

23   *Co*., 893 N.Y.S.2d 208, 218 (2010) (recognizing potential recovery of punitive

24   damages under § 349).

25       38.     Additionally, a ratio of 1:1 between punitive and economic damages

26   for CLRA violations has been described as "conservative" for purposes of

27   calculating the amount in controversy.  *Bayol*, 2015 WL 4931756, at *9, *citing*

28   *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 698 (9th Cir. 2007).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

39.     "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).  The cases cited need only be similar, and not identical. *James Dickey, Inc. v. Alterra Am. Ins. Co.*, 2015 WL 4537732, at *3 (C.D. Cal. July 27, 2015).

40.     In *Duran v. Quantum Auto Sales Inc.*, a jury awarded $41,800 in punitive damages to a single plaintiff under the CLRA in finding that the defendant misrepresented the quality and condition of a vehicle sold to the plaintiff.  2015 WL 10369051 (Cal. Super. Ct. 2015).  In *Gutierrez v. Autowest Inc.*, the jury awarded $30,000 punitive damages against defendant for plaintiff's class action claims under the CLRA for the unlawful marketing of products for hair loss and hair re-growth. 2009 WL 2736967 (Cal. Super. Ct. 2009).

41.     As to actions brought under New York General Business Law sections 349 and 350, jury verdicts awarding punitive damages have been higher. *See, e.g.*, *Koch v. Greenberg*, 2013 WL 1833296 (S.D.N.Y. 2013) (awarding $12,000,000 in punitive damages for fraud claim brought under N.Y. Gen. Bus. L. §§ 349, 350 involving false advertising of wine); *Douglas Elliman of Westchester LLC v. Theiss*, 2017 WL 3159223 (N.Y. Super. Ct. 2017) (awarding $2,500,000 in punitive damages in action for breach of fiduciary duty, unfair competition, tortious interference, and misappropriation); *Tiffany & Co. v. Costco Wholesale Corp.*, 2016 WL 8201420 (S.D.N.Y. 2016) (awarding $8,250,000 in punitive damages for retailer's use of jeweler's trademark in association with rings not made, licensed or authorized by jeweler).

42.     Since Plaintiffs seek the total retail sales price of the DietWorks Garcinia Cambogia Products sold during the Class Period as their economic damages, an award of punitive damages in at least the same amount would be a conservative estimate.  Given that sales of DietWorks Garcinia Cambogia Products in California and New York during the Class Period exceeded an estimated $15

NOTICE OF REMOVAL

1    million, an award of punitive damages that doubled the aggregate amount in

2    controversy would do so by an additional $15 million.

3                        **5.    Attorneys' Fees**

4          43.    Plaintiffs also seek an award of attorneys' fees.  (Compl. ¶ 144;

5    Prayer.)  "[W]here an underlying statute authorizes an award of attorneys' fees,

6    either with mandatory or discretionary language, such fees may be included in the

7    amount in controversy."  Diaz *v. Carmax Auto Superstores California, LLC*, 2015

8    WL 3756369, at *5 (E.D. Cal. June 16, 2015), *report and recommendation*

9    *adopted*, 2015 WL 4138995 (E.D. Cal. July 8, 2015) (quoting *Galt G/S v. JSS*

10   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).

11         44.    The CLRA provides for attorney's fees.  Civ. Code § 1780(e).

12   Additionally, prevailing UCL plaintiffs may seek attorneys' fees pursuant to

13   California Code of Civil Procedure § 1021.5.  *See MacDonald v. Ford Motor Co*.,

14   142 F. Supp. 3d 884, 890 (N.D. Cal. 2015) (quoting Code Civ. P. § 1021.5).

15   Similarly, a court has the discretion to award attorney's fees under General

16   Business Law sections 349 and 350.  N.Y. Gen. Bus. Law §§ 349 (h), 350-e(3);

17   *Wilner*, 893 N.Y.S.2d at 218; *Diller v. Steurken*, 712 N.Y.S.2d 311, 314 (2000).

18   Thus, attorneys' fees are included in the amount in controversy calculation.

19         45.    Courts in the Ninth Circuit hold that attorneys' fees should be

20   estimated over the course of the entire litigation for purposes of determining the

21   amount in controversy.  *Pulera v. F & B, Inc*., 2008 WL 3863489, at *4 (E.D. Cal.

22   Aug. 19, 2008) ("While the amount in controversy is determined at the time an

23   action commences, where attorney's fees are recoverable by statute, this

24   determination includes a reasonable estimate of the attorney's fees likely to be

25   incurred."); *Simmons*, 209 F. Supp. 2d at 1034 ("The Ninth Circuit clearly

26   considers attorneys' fees when assessing amount in controversy. [] Such fees

27   necessarily accrue until the action is resolved").

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

NOTICE OF REMOVAL

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    46.    When reviewing attorneys' fees in removing class actions under

2 CAFA, the Ninth Circuit has held that the "benchmark" for a reasonable fee is 25

3 percent of the class award's common fund. *Hughes v. Fosdick*, 106 F.Supp.3d

4 1078, 1083 (N.D. Cal. 2015) (courts consider the "amount of attorneys' fees the

5 plaintiff could reasonably be awarded" and in "that a 25 percent of the common

6 fund is a reasonable attorneys' fees award.").

7    47.    Here, twenty-five percent of the Plaintiffs' potential recovery of

8 economic, $15,000,000, is at least $3,750,000.

9    48.    Adding the amounts set forth above, Plaintiffs have put at least

10 $34,780,000 in controversy, which is significantly greater than CAFA's $5 million

11 threshold.

12    49.    Defendants dispute Plaintiffs' entitlement to any relief including

13 damages in any amount and, by removing, do not concede that the stated amount in

14 controversy is recoverable.

15    WHEREFORE, Defendants respectfully remove this action, in its entirety,

16 from the Superior Court of the State of California for the County of San Diego to

17 the United States District Court for the Southern District of California, for further

18 proceedings as though it originally had been instituted herein, and prays that this

19 Court retain jurisdiction over this action to the exclusion of any other proceedings

20 in the State Court.

21                                Respectfully submitted,

22 Dated:  September 29, 2017       DENTONS US LLP

24                                By: s/Michael J. Duvall
25                                    Michael J. Duvall

26                                Attorneys for Defendants
27                                Vitaquest International, LLC and
                                  Windmill Health Products, LLC

105056667\V-4

- 13 -                            NOTICE OF REMOVAL